THE CHICAGO CITY RAILWAY COMPANY

*v.*

ANNA MEAD.

*Opinion filed December 16, 1903.*

1. DAMAGES—*rule as to damages in a personal injury case.* In an action for personal injuries the damages are to be determined by the jury from the evidence, viewed in the light of their judgment and experience in the affairs of life, and they should be restricted to the evidence in the case and to proper elements of damage.

2. INSTRUCTIONS—*when jury should not be instructed to consider effect of injury.* The jury in a personal injury case should not be instructed to consider the "effect, if any, of the injury" to the plaintiff, where this might be construed by the jury as authorizing them to allow damages for some supposed injury to plaintiff's business, based solely upon the fact that she sold out after the accident. (*Chicago, Burlington and Quincy Railroad Co.* v. *Warner,* 108 Ill. 538, distinguished.)

3. SAME—*instructions must be regarded as a connected series.* Instructions must be regarded as a connected series constituting a single charge, and, when so considered, if it is clear the jury could not have been misled or have drawn an improper inference from a single instruction, the judgment should not be reversed, even though such instruction, standing alone, is objectionable.

4. APPEALS AND ERRORS—*opinion of Appellate Court is not reviewable.* Although the statute requires the Appellate Court to file an opinion giving the reasons for its decision, it is the judgment of that court, and not the opinion, which is reviewable on appeal.

5. SAME—*judgment is conclusive of facts, regardless of what is said in opinion.* The judgment of the Appellate Court, on an appeal in a suit at law, is conclusive of the facts, regardless of what is said in the opinion.

6. SAME—*question whether verdict is against the evidence is for the Appellate Court.* The law commits to the sound judgment of the Appellate Court the question whether the trial court erred in overruling a motion for new trial upon the ground the verdict is against the weight of the evidence, and if the error in that respect is clear, it is the duty of the Appellate Court to award a new trial.

*Chicago City Railway Co.* v. *Mead,* 107 Ill. App. 649, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

WILLIAM J. HYNES, and SEARS, MEAGHER & WHITNEY, (NATHANIEL C. SEARS, and MASON B. STARRING, of counsel,) for appellant.

JAMES C. McSHANE, and F. A. ROCKHOLD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee was a passenger on a west-bound Sixty-third street car belonging to appellant, in the evening of June 28, 1900. The car had crossed Cottage Grove avenue and had stopped at the west side of the street when an east-bound car collided with it. It was an open car with reversible seats, and appellee, seeing there was about to be a collision, arose in her seat. When the collision occurred she was thrown forward against the back of the seat in front of her and then back to the seat upon which she had been sitting. She brought this suit in the superior court of Cook county to recover damages for injuries alleged to have been occasioned by the collision. Upon a trial she obtained a verdict for $3500, upon which judg-

ment was entered, and the judgment was affirmed by the Branch Appellate Court for the First District.

The accident was clearly due to the negligence of the defendant, and there was no evidence tending to show the contrary. There was practically no question at the trial about the liability of the company for such damages as were the proximate result of the collision, and the controverted questions in the case related to the extent of plaintiff's injuries. The evidence showed that she had neurasthenia, and was pale, anæmic and in a weak condition. This was not denied, and plaintiff attributed her condition to the accident, while defendant offered evidence tending to show that she had been pale, thin and delicate-looking, and that her condition had been about the same before the accident as afterward. She testified that after the accident she went across the street to the office of a doctor, who discovered that her tenth rib was broken. That doctor testified that she complained of pain in that region, and he thought at the time that there was a fractured rib. Another doctor who was present at the office and made the examination failed to detect any injuries or bruises, and testified that the rib was not fractured, but, owing to her complaint, he applied some adhesive strips. Two other doctors who saw her that night after she got home, and the next day, and examined her, one of whom continued to treat her, testified that there was no fracture of any rib, or any contusion, bruises, marks or swelling upon her. There was other evidence tending to show that the rib was not fractured. About five weeks after the accident an examination was made, when it appeared that she had retroversion of the uterus, and there was some evidence that it might have come from a fall or injury. On the other hand, there was evidence that such a displacement could not result from outside violence, and the physicians, generally, who were examined on the trial, testified that such a condition could not be produced by the accident

which she described. In the opinion filed, the Branch
Appellate Court stated that the question whether the
amount awarded was excessive depended largely upon
whether the retroversion of the uterus was due to the
accident or causes that antedated it, and said that the
decided weight of the evidence was that none of plain-
tiff's ribs were fractured by the accident, and that as to
the retroversion the testimony was contradictory, with,
as it appeared to them, the weight thereof with the de-
fendant. That court, however, affirmed the judgment.

The only error assigned which we can consider is,
that the trial court erred in giving the sixth instruction
to the jury, concerning the elements of damage which
they might properly consider. That instruction is as
follows:

"The court instructs the jury that if, under the evi-
dence and instructions of the court, the jury find the
defendant guilty, then in estimating the plaintiff's dam-
ages, if any, it will be proper for the jury to consider
the effect, if any, of the injury upon the plaintiff, and
also the bodily pain and suffering, if any, she sustained,
and all damages, if any, charged in the declaration, and
which, from the evidence, are shown to be the necessary
and direct result of the injury complained of."

The case was of such a nature as to require accurate
instructions, and it must be conceded that this instruc-
tion, standing alone, would have been objectionable.
The last part of the instruction, by which the jury were
to allow to plaintiff all damages, if any, charged in the
declaration, and which, from the evidence, were shown
to be the necessary and direct result of the injury com-
plained of, covered all that plaintiff was entitled to re-
cover. In cases of this character the damages are to be
determined by the jury from the evidence, viewed in the
light of their judgment and experience in the affairs of
life, and they should be restricted by the instructions
to the evidence in the case and to proper elements of

damage. By the instruction the jury were to consider all damages which were charged in the declaration and shown by the evidence, and were also to consider the bodily pain and suffering of the plaintiff, and also the effect, if any, of the injury upon her. There was evidence that she had sold out her business as a milliner subsequent to the accident, and the first clause of the instruction gave to the jury great latitude for conjecture and speculation, which might include that fact and some supposed injury to her business.

It is insisted that this instruction was approved in *Chicago, Burlington and Quincy Railroad Co.* v. *Warner,* 108 Ill. 538. But that is a misapprehension. The instructions are materially different, and in that case all the objections to the instruction were placed upon the common ground that there was no evidence upon which to base it. The court being unable to agree with counsel that there was no evidence of the several elements of damage mentioned in the instruction, the objections were not sustained.

It is, however, a settled rule that the instructions to the jury shall be regarded as a connected series, constituting a single charge, and when they are so considered, if it is clear that the jury could not have been misled or have drawn an improper inference from a single instruction, the judgment ought not to be reversed. In this case there were a number of instructions given at the instance of defendant relating to the duty of the jury to consider and decide the case solely from the evidence, under the instructions of the court as to the law. The ninth instruction told them that in considering and deciding the case they should look solely to the evidence for the facts. By the tenth they were told that the plaintiff could not recover unless they believed, from a preponderance of the evidence, that she was exercising ordinary care, that the defendant was negligent, and that the negligence was the proximate, direct cause of

her injuries.  By the nineteenth they were advised that if they were unable to say that the plaintiff had proved, by a preponderance of the evidence, that the defendant was guilty of negligence as alleged in the declaration, and that said negligence was the proximate, direct cause of the plaintiff's injuries, the jury should find the defendant not guilty.  The twenty-third stated that if the jury believed, from the evidence, that plaintiff's condition was the result of nervous disorders or physical infirmities that existed prior to the accident in question, she could not recover damages for such condition and could not recover damages for any condition existing prior to the accident.  By the twenty-fourth instruction the jury were told that the questions of liability and damages were matters to be determined from the evidence, under the instructions of the court.  In view of all the instructions given we do not think the jury could have been misled by the sixth.

The determination of the question of law raised in this court cannot be made to depend upon what the Appellate Court said respecting the controverted questions of fact, in the opinion filed in the case.  The statute requires the Appellate Court to file an opinion giving the reasons for the decision, but it is the judgment of the court, and not the opinion, which is reviewed on appeal to this court.  The law has confided to Appellate Courts the duty of determining whether a judgment is against the weight of the evidence, and we must presume that the court in this case found that the verdict and judgment were not against the weight of the evidence.  On that subject it may not be amiss to repeat what this court, speaking through Mr. Justice BAKER, said in *Chicago and Alton Railroad Co.* v. *Heinrich*, 157 Ill. 388, as follows (p. 394): "But the Appellate Court is not bound by the judgment of the trial court or by the verdict of the jury.  It is true, all questions of fact are for the jury, but the trial court has a supervisory power over their

verdict. At common law, and under the law as it was in this State prior to the act of July 21, 1837, (Laws of 1837, p. 109,) the granting or refusing a new trial rested in the discretion of the court before which the case was tried, and could not be assigned for error; but by that act it was provided that exceptions should be allowed to opinions or decisions overruling motions for new trials, and that 'the party excepting may assign for error any opinion so excepted to, any usage to the contrary notwithstanding.' And under that act, the substance of which has been retained in section 61 of the present Practice act, it has always been held that the court of review may inquire whether the judgment should be reversed upon the ground that the verdict is against the weight of evidence. (*Hill* v. *Ward*, 2 Gilm. 285.) Of course, this rule is modified, as to this court, in certain classes of .cases, by sections 88 and 90 of the Practice act, but it has in no way been modified or changed as to the Appellate Courts. It is the right and duty of the Appellate Courts, under the law as it exists in this State, to reverse the judgments of trial courts and the verdicts of juries, where, upon consideration of the testimony, they find that such judgments or verdicts are clearly against the weight of evidence. We must presume, however, that in this case the Appellate Court has faithfully performed that duty, and has found that the evidence sustains the verdict and judgment." Again, in *Chicago and Erie Railroad Co.* v. *Meech*, 163 Ill. 305, the court, repeating the duty of Appellate Courts under the law, said (p. 308): "A performance of this duty is absolutely essential for the preservation of the rights of citizens and property owners in all those classes of cases where the judgments of the Appellate Courts are final and conclusive upon all questions of fact," but it was also said, as in the previous case, that we must presume that the Appellate Court found that the evidence properly sustains the verdict and judgment. It is good ground of a motion for a new

trial that the verdict is manifestly against the weight of the evidence or that the damages awarded are excessive, and the motion for new trial in this case contained both.

Section 61 of the Practice act provides that exceptions taken to the decision of the court overruling a motion for a new trial shall be allowed, and the party excepting may assign for error any decision so excepted to. The duty of considering and deciding upon any error so assigned is entrusted to the Appellate Court. Those courts are a part of the judicial system of the State, equally with the jury and the trial judge, and must discharge their duty, not according to the judgment of others, but according to their own judgment. The law commits to the sound judgment of the Appellate Court the question whether the trial court erred in overruling a motion for a new trial on the ground that the verdict is against the weight of the evidence. At the common law the trial of an issue of fact was by judge and jury, the judge stating to the jury the issues and what evidence had been given in support of them, and summing up the whole case. Section 51 of the Practice act provides that the court shall only instruct as to the law of the case; but trial by jury does not imply a trial without a judge having a supervisory power over the verdict, or without a court of review guided and controlled by its own conscience and judgment in passing upon questions committed to it by the law. If a verdict and judgment are clearly against the weight of the evidence, a new trial should be awarded by the Appellate Court and the issues submitted to another jury. But the functions of this court in cases of this kind are entirely different in that respect. The judgment of the Appellate Court in this case is conclusive upon the facts, regardless of what is said in the opinion, and there is no error appearing which would justify a reversal of its judgment.

Accordingly, the judgment of the Appellate Court is affirmed.                              *Judgment affirmed.*