## Chicago City Railway Company v. Robert J. Albrecht.

### Gen. No. 11,194.

1. PASSENGER—*duty of, to exercise ordinary care.* It is the duty of a passenger on getting on board of a car to place himself in a safe position therein, if he is able to obtain such position.

2. CONTRIBUTORY NEGLIGENCE—*when person guilty of.* A person who unnecessarily places himself in a well-known position of danger and by reason thereof is injured, is guilty of such contributory negligence as

precludes a recovery, even though the defendant be grossly negligent, if the act of the latter is not wanton or wilful.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed June 17, 1904.

WILLIAM J. HYNES, J. W. DUNCAN and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

FRANCIS T. MURPHY and A. B. MELVILLE, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from a judgment for $7,500, recovered by appellee against appellant for personal injuries sustained by him while riding as a passenger on one of appellant's cars in the city of Chicago.

Appellant owns and operates what are known as the Wentworth avenue line and the Wallace and Center avenue line. They both run south on Clark street until they reach Archer avenue, thence southwesterly on Archer avenue to Wentworth avenue. Here the Wentworth avenue line proceeds south on that street, while the other line continues southwesterly on Archer avenue. On Archer avenue the cars going southwest occupy the northerly track, and the cars going northeast occupy the southerly track. At Wentworth and Archer there is a switch in the north track on Archer avenue, by means of which the cars of the Wentworth line turn south into Wentworth avenue, and in doing so cross the track of the northeast-bound Wallace and Center avenue cars. It is the custom for the latter to stop on the west side of Wentworth avenue before crossing the track of the south-bound Wentworth avenue cars.

About seven o'clock in the evening of October 18, 1900, appellee and six other persons boarded a south-bound Wentworth avenue car at Twelfth and Clark streets. The car being crowded, they stayed on the rear platform together with the conductor and three or four other passengers already there. Two of them alighted from the car when it passed from Clark street into Archer avenue.

When it reached and was turning into Wentworth avenue, and while it was crossing the south track on Archer avenue its rear end was run into and struck by a Wallace and Center avenue car going northeast. As a result of the collision, the rear window of the car on which appellee was riding was broken, one of the rods running along the base of the window was bent, the west step of the rear platform was more or less injured, and appellee's foot was crushed, necessitating an amputation.

Appellee testifies—and he is the only one who does so—that while riding on the car from the time he got on and up to and at the time of the collision he stood with his back against the controller in the center of the rear platform. It is contended by appellant that he would not and could not have been injured if he had been standing where he claims he was before and at the time of the accident; that in reality he was standing on the west footstep and was thereby guilty of contributory negligence, and that in this regard the verdict is against the weight of the evidence.

Of the nine or ten persons (including the conductor) on the rear platform appellee was the only one that received any injury. The damage to the car was confined to the points above mentioned. That part of the platform where appellee claims to have been standing was in no way damaged. In the light of these undisputed facts it is difficult, if not impossible, to understand how appellee could have sustained any injury if he was standing in the middle of the platform. The car that collided with his came from the southwest and struck it on its west side in the extreme rear, bending or breaking the footstep on that side, but doing no further damage to the platform. According to appellee, a number of persons surrounded him. None of them were injured. In addition to these circumstances and the inferences arising therefrom, the proof tends strongly to show that appellee rode on the footstep from the time he boarded the car and was standing on it when he was hurt. While at the hospital he told Dr. Barnes at different times—as the latter testifies—" that he was standing on the step

of a street car and another car collided with it, ran into it, and crushed his foot between the two cars." The witness Shourds was one of the persons on the platform and swore in substance that appellee stood on the step; that next to him was the conductor, who asked him twice to get on the platform and leave the step as he was liable to get hurt there, to which warning appellee paid no heed. The witness " saw the trains come together. This man that stood on the step got hurt." True, appellee denied that the conductor spoke to him; but we are not disposed to attach much force, if any, to the denial. Not only was he contradicted by the inherent facts of the case and by the witnesses Barnes and Shourds, but his testimony concerning his condition immediately after the injury and the consequences thereof to himself is manifestly exaggerated and at variance with that of several disinterested witnesses.

If, as we think, the preponderance of the evidence shows that appellee was riding on the step of the platform, the question arises whether, in so doing, he was guilty of contributory negligence. It is not contended that it was negligence *per se* for him to do so, but that the jury should have found, as a matter of fact, that he was not in the exercise of ordinary care for his own safety. As a rule (to which, in practice, there are few exceptions), persons do not, for any length of time, ride on the footstep of a street car when there is room for them elsewhere. This is so, both because they are in the way of others passing in and out, and because the step is generally recognized as a more or less dangerous place on account of the greater liability of persons standing there to come in contact with outside objects. In the present instance the proof tends to show that appellee was informed of the greater risk and requested to stand on the body of the platform. Had he complied, he would not have been injured. The accident was of such a nature that the danger arising from it was confined to the very spot where appellee was standing.

As was said in Clark v. Eighth Avenue R. R. Co., 36 N. Y. 135, " It is the duty of the passenger, on getting on board

of a car, to place himself in a safe position therein, if he is able to obtain such position. * * * That riding upon the steps of a street car is less safe than a seat inside, requires no proof; it is obviously so." In Wills v. R. R. Co., 129 Mass. 351, it was held that a passenger who receives an injury by falling from the front platform of a street car while in motion, upon which he occupies a sitting position against the rules of the corporation and the warning of the driver of the car, and without any reasonable excuse therefor, is not in the exercise of such care as will entitle him to maintain an action against the corporation. A person who unnecessarily places himself in a well-known position of danger, and by reason thereof is injured, is guilty of such contributory negligence as precludes a recovery, even though the defendant be grossly negligent, if the act of the latter is not wanton or wilful. Abend v. T. H. & I. R. R. Co., 111 Ill. 202; C., M. & St. P. R. R. Co. v. Halsey, 133 Ill. 248.

But it is argued that although appellee's negligence contributed to his injury, that circumstance is immaterial, and does not bar a recovery because of the wilful and wanton acts of the driver of the Wallace and Center avenue car in running into the other. We have carefully considered the proof and arguments of counsel in that regard; and while we are by no means prepared to say that the driver was free from negligence, yet his acts do not appear to us to savor of recklessness or a disregard of human life. He, himself, would have been one of the first to suffer therefrom, and he had his car under sufficient control to make the shock of the collision comparatively slight. As one of the witnesses puts it, "When these two cars came together, they did not strike so very hard. There was nothing broken there on the platform."

In our opinion the verdict is against the weight of the evidence. The judgment is reversed and the cause remanded.

*Reversed and remanded.*