The Chicago Union Traction Company

*v.*

Ida M. Hanthorn.

*Opinion filed October 24, 1904.*

1. Instructions—*marking instruction "not received" instead of "refused" is not material.* Marking an instruction "not received" instead of "refused" is not material, and if the instruction does not correctly state the law, refusal of the court to receive it is not error.

2. Same—*when instruction is properly refused.* An instruction precluding a recovery if the jury did not find the defendant guilty of negligence in failing to stop its street car at the crossing is properly refused, where the negligence charged is in suddenly increasing the speed as plaintiff was about to alight from the slowly moving car.

3. Same—*jury may be instructed to notice qualification one instruction makes on another.* It is not error to instruct the jury that they may notice and take into consideration the extent to which any instruction given may be qualified by other instructions of the series.

4. Negligence—*failure of passenger to hold to hand-rail not negligence per se.* Failure of a passenger to hold to the hand-rail when standing on the step of a street car is not, as a matter of law, contributory negligence, although it is a circumstance which may be considered by the jury upon that question.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Philip Stein, Judge, presiding.

This is an action of trespass on the case, brought on August 21, 1900, by the appellee against the appellant company in the Superior court of Cook county to recover damages for a personal injury. The jury returned a verdict in favor of plaintiff for $2500.00, of which amount $1000.00 was remitted, and judgment was entered in favor of the appellee and against the appellant for the sum of $1500.00, and costs. Upon appeal to the Appellate Court this judgment has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

The declaration alleged that, on November 24, 1899, the appellant was operating a street railroad on North State street in Chicago and a passenger car propelled by electricity over the same; that said car was running in a northerly direction along State street at or near its intersection with Superior street; that appellee was a passenger on the car; that appellant reduced the speed of the car, but failed to bring the same to a stop; that, while appellee, with all due care, was preparing to get off the car and was about to alight therefrom, appellant negligently started the car suddenly forward at an increased rate of speed; that appellee was thereby violently thrown upon the street, and was bruised and wounded, and one of her arms was broken, and she was permanently injured externally and internally, etc.

JOHN A. ROSE, (W. W. GURLEY, of counsel,) for appellant.

J. D. RILEY, (RUFUS COPE, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The first contention, made by the appellant, is that the trial court erred in declining to mark all the tendered instructions either "refused," or "given."

At the beginning of the trial the court of its own motion entered an order, limiting the number of instructions to be tendered to thirty, or fifteen for each side, to which order the appellant excepted. The order in question was improperly entered by the trial court. In *Chicago City Railway Co. v. Sandusky,* 198 Ill. 400, we held that the trial court has no power to arbitrarily limit the number of instructions to be given for each side. But we are unable to see that, in this case, the appellant suffered any injury upon the trial from the action of the court in this regard.

The appellee tendered only five instructions, all of which were given. The appellant tendered eighteen instructions; of these, one numbered 6, was refused; two, numbered 7

and 9, were modified, and given as modified; one, numbered 17, was not marked "refused" or "given," but was marked "not received," and was not given or read to the jury. All the other instructions asked by the appellant were given as asked. The trial court should have marked the instruction numbered 17 "refused" or "given." But if the refusal of the court to read the instruction to the jury did the appellant no harm, the fact that the instruction was marked "not received," instead of "refused," would make no material difference. The question then arises whether instruction, numbered 17, correctly announced the law to the jury, or not. If it did not correctly state the law, then the action of the court in marking it "not received" cannot be regarded as error.

The material part of the instruction in question was the announcement to the jury that, before they could find the appellant guilty of the negligence charged in the declaration, they must believe from the preponderance of the evidence in the case that the servants of the appellant, or some of them, in charge of the car had notice of the desire or intention of the appellee to get off or alight from said car at the time and place alleged, and a reasonable time and opportunity after such notice to stop the car; and the instruction then closes as follows: "And if the jury believe from the evidence in the case that the defendant's servants had no such notice and opportunity, that then the jury should not find the defendant guilty of negligence in failing to stop such car at or near the street crossing alleged." We concur in the view expressed by the Appellate Court, in their opinion deciding this case, that it is a sufficient answer to the objection, made to the refusal to give this seventeenth instruction, "that the declaration does not charge that the defendant was guilty of negligence in failing to stop the car at or near a street crossing, but that, as plaintiff was about to alight from a slowly moving car, 'the defendant carelessly and negligently started said car forward at an increased rate of speed.'" In other words, the declaration did not charge the appellant with negligence in failing to stop the car at or near the street crossing, but

211—24

in carelessly and negligently starting the car forward at an increased rate of speed while it was moving slowly. It has been held by this court, that it is not negligence *per se* to get on or off a slowly moving car, whether propelled by horse power, or electricity, or cable. (*North Chicago Street Railroad Co.* v. *Williams,* 140 Ill. 275; *Cicero and Proviso Street Railway Co.* v. *Meixner,* 160 id. 320; *North Chicago Street Railroad Co.* v. *Wiswell,* 168 id. 613; *Springfield Railway Co.* v. *Hoeffner,* 175 id. 634).

The testimony of the appellee tended to show that, as the car neared Superior street, the plaintiff signaled the conductor to stop, and that in response to such signal he rang the bell, and the speed of the car was slackened, whereupon the appellee went to the platform, and, while standing upon the step waiting for the car to stop, she was by its sudden starting up thrown to the ground. On the contrary, the testimony of the appellant tended to show that the plaintiff did not give any signal for the car to stop, and that the car was moving slowly merely because there was a wagon on the track in front of it, and that she did not fall from the car, but stepped off of it voluntarily, and fell backwards. It is undisputed that, when the car neared the crossing, the appellee rose from her seat, and went to the back platform, and stood upon the step thereof with a view of alighting from the car. It was certainly the duty of the conductor to observe the appellee's signal if she gave him a signal; and notice to the conductor of a desire to alight at that particular place may have been given not only by a signal, but by the movement of the passenger in arising from her seat, and going to the rear platform, and standing upon the lower step thereof. Some of the testimony tends to show that there was no person upon the back platform when the appellee left the car and went upon it with the view of alighting. Some of the witnesses, however, say that there were several persons upon the back platform besides the appellee at the time she fell from the car. The instructions, however, required the jury to find that the appellee could not recover unless she was in the exercise of

due care for her own safety; and the giving of notice in some way to the conductor, that she desired to alight, was a part of, and involved in, her exercise of due care. In finding that she did exercise due care the jury must have found that she gave a signal or other proper notice to the conductor. If, as announced in the instruction, the conductor was not guilty of negligence unless he had notice of the desire or intention of the appellee to alight from the car, then the converse of the proposition is true, that the appellee was not in the exercise of proper care unless she gave such notice. Therefore, the question of notice, in view of the testimony given, was presented to the minds of the jury by the requirement, embodied in the instructions, that the appellee was under obligations to exercise due care for her own safety.

It is charged that the trial court erred in refusing to give the sixth instruction asked by the appellant. It appears that the appellee had an umbrella and one or more parcels or bundles in one of her hands. The sixth instruction told the jury that, if they believed from the evidence that she was riding upon the lower step of the rear platform without having hold of the car, or any of its rails or bars or fastenings so as to secure herself in such position, and if they believed that there were rails and bars and fastenings to which she could have held, the exercise of ordinary care and caution for her own safety required her to take hold of such rails or bars or fastenings, or otherwise protect and secure herself, and that, if she failed and neglected to do so, the jury should find the defendant not guilty. This instruction substantially told the jury that, if the appellee stood upon the step of the rear platform and did not hold on to the rail of the car to secure herself, she was guilty of contributory negligence. Such failure to make use of the rail or bar on the side of the car was a circumstance, which the jury were authorized to take into consideration in determining the question whether or not she was in the exercise of due care; but it cannot be said that, if she neglected to take hold of the rail, she was thereby guilty of contributory negligence as matter of law. Consequently,

there was no error on the part of the trial court in refusing to give the sixth instruction asked by the appellant.

Counsel for appellant complain of the first instruction, given by the court to the jury on behalf of the appellee, upon the alleged ground that the jury were thereby authorized to compensate the plaintiff for the injuries which she was shown by the evidence to have suffered, regardless of the question whether such injuries resulted from the accident in question, or not. We do not think that the instruction is capable of the construction thus placed upon it. There was some testimony, tending to show that certain pains and sufferings, which appellee endured after the injury, were due to ailments with which she was afflicted before the injury occurred. But the instructions in question, when considered in connection with the other instructions and with the evidence, referred only to the injuries, which the jury might believe from the evidence, resulted from the accident, and not injuries due to the ailments in question.

Criticism is also made upon the third instruction, given to the jury on behalf of the appellee, upon the ground that it authorizes the jury to notice and take into consideration the extent to which any one of the instructions given might be qualified by other instructions in the series of given instructions. We do not regard this as error, or as in any way submitting to the jury a question of law.

We have held that the instructions to the jury should be regarded as a connected series constituting a single charge, and that, when they are so considered, it must be clear that the jury have been misled, or have drawn an improper inference from a single instruction, before the judgment will be reversed. (*Chicago City Railway Co.* v. *Mead,* 206 Ill. 174). We have held in substance that an ambiguous instruction may be cured by another instruction, which makes the ambiguous element clear. (*McCommon* v. *McCommon,* 151 Ill. 428; *City of Lanark* v. *Dougherty,* 153 id. 163; *Day* v. *Porter,* 161 id. 235; *Latham* v. *Roach,* 72 id. 179; *Village of Mansfield* v. *Moore,* 124 id. 133; *Hanrahan* v. *People,* 91 id. 142).

In *Latham* v. *Roach, supra,* we held that, even if there should be a doubt as to the proper construction of an instruction given on behalf of one party, yet, if the instruction, given on behalf of the other party, entirely removes such doubt, there is no error. And it has often been held that, where instructions are not contradictory of each other, one instruction may be cured by another instruction. This whole doctrine of the qualification of one instruction in a series by another instruction in the same series, or as to the curing of a slightly defective instruction by another instruction which is not defective, is without value or force if the jury have not the right among themselves to read and compare the instructions to see whether or not any one instruction of a series is qualified or cured in its defective character by another instruction in the series.

We find no error in the record, which would justify us in reversing the judgment of the Appellate Court.

Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*