## Sterling, Dixon & Eastern Electric Railway Company v. James Wise.

### Gen. No. 4,654.

1. APPELLATE COURT—*power of, to review verdict upon facts.* It is not only within the power of the Appellate Court, but it is its duty to examine the evidence adduced and determine therefrom whether a case has been made entitling the plaintiff to recover.

2. PASSENGER—*what contributory negligence.* Held, from the evidence in this case, that the plaintiff in taking a position upon the platform of the car upon which he was riding as a passenger, unnecessarily placed himself in a position of danger which precluded his recovery under the evidence offered.

Action on the case for injury caused by alleged wrongful act. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1906. Reversed. Opinion filed October 16, 1906.

A. C. BRADWELL, for appellant.

JAMES W. WATTS and JOHN P. DEVINE, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The Sterling, Dixon & Eastern Electric Railway Company operates an interurban railway from Sterling to Dixon by electrical power. It passes by a milk factory, called also Swissville, near Dixon. There are two roads running north and south from the public highway to the factory, and there is a space of eighty-five feet between the roads. The railway crosses these roads near the milk factory, and has a curve of about seven inches in sixty-six feet which ends before the track reaches the east road in going from west to east. On June 25, 1905, James Wise was a passenger on an east-bound car from a point about three miles west of the factory. At the factory he got down on the step on the north or left hand side of the car, and while the car was in motion he either lost his balance or fell or stepped or jumped off. He struck his head upon some object and was injured. He brought this suit against the railway company to recover damages for said injuries.

The first count of his declaration charged that plaintiff was a passenger to be carried to Swissville, and that on the arrival of the car at Swissville and while plaintiff was preparing to alight therefrom, defendant negligently failed to stop the car, but continued to run the same at a high rate of speed, and thereby plaintiff was thrown with great force to the ground and was thereby hurt. The second count alleged that defendant negligently omitted to stop the

car, but ran it at high·speed beyond Swissville, and thereby plaintiff was thrown with great force to the ground, and was thereby hurt. Each count averred plaintiff was exercising due care. Defendant pleaded the general issue. Plaintiff had a verdict for $237 and judgment thereon, and defendant appeals.

Plaintiff's proof tended to show that when he paid his fare he told the conductor that he wished to get off at Swissville, and that another passenger did the same; that as the car approached that place plaintiff arose from his seat in the car, passed to the rear platform, and got down upon the step on the north side of the car, and was ready to alight; that the west road was the proper place at which to stop the car; that the car did not stop at either road, but continued on at a speed of ten or fifteen miles an hour; that the motion of the car in passing from the curve to the straight line threw plaintiff off the car, and at that time he had hold of the front handle with his right hand, the proper position to assume in alighting from that side. Defendant's proof tended to show that plaintiff did not notify the conductor that he wished to get off at Swissville, but that the conductor intended to stop there, and thought it best to stop at the east side of the east road, and gave the motorman a signal to stop when the car had almost reached the west road; that as the car crossed the west road it was running two or three miles per hour; that plaintiff stepped down on the north side, took hold of the rear handle with his left hand, and as the car had not yet stopped when it crossed the east road plaintiff stepped off, and as he had hold of the wrong handle the motion of the car twisted him around with his back toward the east, and he fell and struck his head against the step of the car, inflicting a wound upon his head. The fact that he was wounded on the back of the head tends to show he had hold of the rear handle with his left hand when he got off the car. It will be seen, therefore, that there

is a conflict in the proofs as to the speed of the car, and as to whether plaintiff stepped off or lost his balance and fell off, and as to whether at the time he left the car he had hold of the front handle with his right hand or of the rear handle with his left hand. He fell at a point several feet east of the east road, and the car went some distance further before it stopped, but the distance the car ran was disputed. Plaintiff fell about sixty-five feet east of the east end of the curve, so that there was reason for doubting whether the motion of the car in leaving the curve could have thrown plaintiff off the car. There was a special verdict that plaintiff exercised ordinary care in standing on the step, that he did not step off the car, that he was thrown from the car, that the car was being negligently operated at the time of the injury, and that such negligent operation caused the injury to plaintiff. In this conflict of the evidence plaintiff is entitled to the presumption that the jury found that the evidence introduced by plaintiff was true. Plaintiff insists that in such a case this court has no right to disturb the verdict. On the contrary, as has often been held by the Supreme Court and by this court, the law has cast upon us the duty of determining whether the proof made a case entitling plaintiff to recover. Chicago City Railway Co. v. Mead, 206 Ill. 174; Love v. McElroy, 118 Ill. App. 412.

We shall assume that the proof warranted the jury in finding that plaintiff requested the conductor to let him off at Swissville, that that was a place at which defendant was bound to stop to let off a passenger on request, and that the car ran by both roads. This was a violation of defendant's duty. The proof does not show that defendant was negligent in any other respect. This was not in a city or village, but in the country. Defendant had a right to run at a speed of ten or fifteen miles per hour. Defendant was not bound to lay its railway in an air line from Sterling to

Dixon. If it did not do so, it must have curves. This was a very slight curve, and was made necessary by the location of its road. The declaration did not charge defendant with negligence in locating its line nor in locating a curve at that place. We are not advised of any statute or rule of law requiring a railway to reduce its speed when running upon a curve. The declaration does not charge negligence in traveling over a curve at an improper speed. The only negligence proven was that defendant failed to stop at Swissville, as requested by plaintiff. If plaintif was injured by defendant's act in carrying him by that place, he may have a right of action for a breach of the contract to carry him to and leave him at Swissville. But this is not such an action. Were the jury warranted in finding that defendant's act in carrying him by the appointed place caused this injury? If plaintiff saw fit to go upon the step of the car before the car stopped, it was his duty to have such a hold upon the handles that he would not fall off. The failure to stop did not and could not throw him off the car. There is necessarily some motion in a car running ten or fifteen miles per hour. Defendant did not invite its passengers to stand upon the steps of its car while it was running at full speed. If plaintiff's proofs be taken as true, then the plain fact is that plaintiff unnecessarily placed himself in a position of danger while the car was running ten or fifteen miles per hour, and did not take such a hold upon the handle bars as enabled him to retain his place upon the car, and fell because of his own acts and neglect, and not because the car did not stop. A passenger upon a car traveling at a high rate of speed may not place himself where he will fall unless the car stops, and when he falls and is hurt, avoid responsibility for his own injury by saying it was the duty of the conductor to stop the car and if it had stopped he would not have been hurt. According to plaintiff's proofs he knew of

the rapid speed of the car and knew it was not stopping. When under those circumstances he descended upon the step and failed to take such a hold as would protect him from falling, the injury is chargeable to his own lack of due care. The judgment is, therefore, reversed.

*Reversed with finding of facts.*

Finding of facts, to be incorporated in the judgment:

We find that defendant was not guilty of any negligence which caused or contributed to plaintiff's injury, and that plaintiff's injury was caused by his own negligence and lack of due care for his own safety.