## Fred Grese, Appellee, v. Donk Bros. Coal & Coke Company, Appellant.

INSTRUCTIONS—*when non-reference to "preponderance of evidence" not error.* The mere fact that two instructions given in a cause employ the expression "if you believe from the evidence" instead of the phrase "if you believe from a preponderance of the evidence," will not reverse where the instructions as a series cure such omissions.

Action on the case. Appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

WARNOCK, WILLIAMSON & BURROUGHS, H. L. BROWNING and L. O. WHITNEL, for appellant.

TERRY & GUELTING, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit to recover damages for injuries to fifty acres of land owned by him, alleged to have occurred by reason of the improper mining of the underlying coal by appellant.

The several counts of the declaration of appellee, charged that appellant mined and removed said coal from under said fifty acres and adjoining land, without leaving sufficient support to hold up the surface of the ground, and failed to supply sufficient props or other artificial supports to sustain the same whereby the surface of the land owned by appellee above said mine, cracked, subsided, caved, fell in and was greatly and permanently injured. Appellee recovered a verdict and judgment for $600.

Appellant complains in his argument here that the amount of the verdict was excessive and not sustained by the evidence and that the court erred in regard to three of the instructions given for appellee and in refusing one offered for appellant.

It was stipulated on the trial that appellee if he recovered at all might recover for all damages to his said premises, future as well as past. The proofs in this case show beyond controversy that the surface of appellee's fifty acres of land had suffered permanent injury and that such injury was caused by appellant's improper method of mining the coal under it. The real controversy was as to the extent of the injuries to the land and upon this question ten witnesses testified on behalf of appellee and nine on behalf of appellant. On motion of appellant the jury were also permitted to view the premises. While there was a marked difference of opinion between the two sets of witnesses as to the value of appellee's premises both before and after the injury, yet it was the province of the jury to determine the true amount of the damages from all the evidence in the case and in ascertaining the proper amount they were assisted by

the fact that they, as members of the jury, also viewed the premises at the direction of the court. In view of the fact that the jury were called upon to determine the amount of the permanent injury to the land we cannot say they were not justified in fixing the damages at the amount found by them.

Appellant complains that instructions one and three did not require appellee to prove his case by a preponderance of the evidence, to entitle him to a recovery. Other instructions given for appellee however required him to prove his case by a preponderance of the evidence and numerous instructions given for appellant told the jury that plaintiff was not entitled to recover unless he had proved his case by a preponderance of the evidence. The mere fact that two of the instructions given for appellee used the expression "if you believe from the evidence" instead of the words "if you believe from a preponderance of the evidence" will not be sufficient to constitute a cause for reversal, as the instructions as a series, both those for appellee and those for appellant, plainly stated the rule that appellee to entitle him to a recovery must prove his case by a preponderance of the evidence and it is clear that the jury could not have been misled by the omission in the two instructions named. C. C. Ry. Co. v. Mead, 206 Ill. 174; 5 Ill. Cyc. Digest, page 1009 (cases cited).

Appellee's fifth instruction did not state with technical accuracy the rule of damages applicable to ordinary cases, such as this, but as it appears to us to have been directly based on the stipulation concerning damages entered into by the parties, appellant cannot properly complain even if the instruction could be considered really objectionable.

The insistence of appellant that the court erred in refusing to give its instruction No. 7, stating appellant's theory as to the rule governing the measure of damages, is not well founded for the reason that the court gave an instruction stating the measure of dam-

ages in identically the same language as that of the refused instruction and appears to have stated substantially the same rule in other instructions given for appellant.

No good reason appears to us from the record why the judgment in this case should be reversed and the same will therefore be affirmed.

*Affirmed.*