## Conrad Krug, Administrator, Appellee, v. Chicago, Peoria & St. Louis Railway Company, Appellant.

PASSENGER AND CARRIER—*when latter not liable when former riding upon platform.* Held, that the carrier in this case was not liable for the death of the passenger who was riding upon the platform of the car, the preponderance of the evidence showing that there was room for such passenger in the coaches; further, that the declaration charging a violent motion causing such passenger to be thrown, a recovery could not be predicated upon evidence which merely showed that the death of such passenger was caused by his falling from the train while it was rounding a curve without violent motion.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed March 30, 1910.

WILSON, WARREN & CHILD, for appellant.

T. J. CONDON and ALBERT SALZENSTEIN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee to recover for the death of his son, killed by falling from one of appellant's trains.

The declaration contains several counts but the trial court took all of them from the jury except the first additional count as amended, and the cause was submitted to the jury on that count alone; it alleges that deceased was a passenger on appellant's train and

while in the exercise of due care and caution for his own safety, he was killed.

The negligence charged against defendant is that it did not furnish deceased a seat inside the cars and thereby required him to find accommodation elsewhere; that the cars were over-crowded and deceased was obliged to take his position on the platform of the car on which he was riding. He was riding on the step of the platform. That while so riding the appellant so negligently managed and run its said train over and around a certain curve approaching the station at Ridgely, in Sangamon county, that the car on which deceased was riding was so violently swayed from side to side and jolted that deceased was thrown from the step of platform and killed.

The train from which deceased fell started from Springfield on this morning, and just before it reached the C. & A. Railroad tracks it stopped at a place known as the shops. On this train this morning appellant was hauling a party of excursionists from Springfield to Havana. They were in the rear coaches of the train, and there were six of these coaches. They were in charge of a special conductor and the rear door of the next coach ahead of these was kept locked to keep the other passengers separate. Ahead of them in the train were three cars; the second from the front being a smoker and the third designated by witnesses as the ladies' coach. When the train stopped for the shops the deceased with appellee boarded the train by getting on the rear coach; they found the rear door locked and were directed by the brakeman in charge to go to the front part of the train to get on; deceased with appellee went forward and boarded the train between the second and third coaches, the front car being the smoker. There were some persons on the platforms of these cars. Deceased did not attempt to go into the coaches to look for a seat but contented himself to remain on the steps of the platform.

While it is not negligence *per se* for a passenger to ride on the platform of a car, the declaration in this cause alleges that because of the want of a seat or room in the car and the negligent handling of the train rounding the curve, while obliged to remain on the platform, the deceased was killed. Before appellee can recover he must maintain these allegations of his declaration.

The preponderance of the evidence in this case is that the second and third coaches of the train were not crowded and that there were vacant seats in the third or ladies' coach. That there was plenty of room in the coaches and it was not necessary for deceased to have remained on the platform. It further shows that the train was moving at a very slow rate of speed and that there was no violent motion, swaying or jolting of cars; that only the usual motion of the cars in rounding a curve was noticeable, and there is no contradiction of this evidence.

The charges of the declaration being the violent motion, swaying and jolting of the train and there being no evidence of this, the defendant would not be liable for the death of deceased caused by his falling off from the train while rounding a curve where the train made no unusual, violent, swaying or jolting motions. For the usual, ordinary motion of cars in rounding a curve defendant would not be liable.

In Quinn, Admx., v. I. C. R. R. Co., 51 Ill. 499, the court in quoting from 32 Barber, 399, in the case of Willis v. Long Island R. R. Co., uses this language: "If a man places himself in such a position that in the ordinary motion and conduct of a train he is exposed to danger, he may be justly said to be negligent of his security and himself, taking the consequences if he is injured." Further, "If the plaintiff in this case had been thrown by a jerk or movement of the train, he would have encountered a danger incident to his position, and although the jerk might have been occasioned

by high and unusual speed or other mismanagement, still at the most the fault would have been mutual.''

The evidence also shows that deceased had been subject to fainting spells or epileptic fits.

The evidence in this case does not sustain the allegations of negligence charged in the declaration in the handling or moving of the train and the verdict is so manifestly against the weight of the evidence that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*