544     APPELLATE COURTS OF ILLINOIS.

Berner v. East St. Louis & Suburban Ry. Co., 207 Ill. App. 544.

## Agnes Bridget Berner, Administratrix of the Estate of William J. Berner, Deceased, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

1. NEGLIGENCE, § 157*—*when plaintiff must show due care.* Proof of due care is affirmative proof, and must be made by plaintiff before recovery can be had in a personal injury case.

2. NEGLIGENCE, § 198*—*when due care is question of law.* While ordinarily the question of due care is for the jury, where the undisputed facts show a want of due care on the part of the person injured and that he was guilty of negligence which contributed to his injury, the question of due care is one of law.

3. CARRIERS, § 428*—*when passenger stepping or thrown from car while on rear platform negligent.* A passenger on a street car, who is more or less under the influence of liquor, and persists in standing on the rear platform, although he is requested by the conductor to step inside where there are vacant seats, and either falls from or is thrown off the platform by the motion of the car, and is killed, is guilty of contributory negligence.

Appeal from the City Court of East St. Louis; the Hon. H. L. BROWNING, Judge, presiding. Heard in this court at the March term, 1917. Reversed with finding of fact. Opinion filed October 24, 1917. Rehearing denied January 10, 1918.

BARTHEL, FARMER & KLINGEL, for appellant.

FARTHING, OEHMKE & FARTHING, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellant, East St. Louis & Suburban Railway Company, is a corporation organized under the General Railroad Act, and as such operates a line of cars from East St. Louis to Belleville, and elsewhere. This line crosses a bridge about 20 feet long, known as "Lake Bridge." About nine o'clock, on the night of July 15, 1916, William J. Berner, who had been spend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing the afternoon in and about the saloons of Belleville, and was more or less under the influence of liquor, boarded a westbound car in Belleville to ride to East St. Louis. When he got on the car he stood on the rear platform. The conductor requested Berner to step inside where there were plenty of vacant seats. This, he declined to do. As the car passed over Lake Bridge, westbound, Berner either fell from or was thrown off the rear platform by the motion of the car, dropped into the creek and was killed.

Suit was brought in the City Court of East St. Louis by the administratrix of said deceased for the recovery of damages. The declaration consists of two counts. The first count alleges that Berner was a passenger, and that while in the exercise of due care for his own safety he was thrown from appellant's car, which, it is alleged, was carelessly and negligently caused to be run along the track and around a sharp curve at a high and dangerous rate of speed. The second count contains the same allegation, and also alleges the high rate of speed was in violation of an ordinance of the City of East St. Louis which limits the speed of cars in said city to an average of 12 miles per hour between terminals. Appellant filed a plea of not guilty. The case was tried resulting in a verdict and judgment in favor of appellee for $3,250.

Appellant prosecutes this appeal to reverse said judgment.

It is first contended by appellant that appellee was not in the exercise of due care for his own safety, but was guilty of contributory negligence, and that the peremptory instructions offered at the close of appellee's evidence and again at the close of all the evidence should have been given. This assignment of error, we think, is well taken for while there is evidence in the record tending to prove that the car in question was running from 20 to 32 miles per hour at the time of the accident, in violation of the ordinance

546        APPELLATE COURTS OF ILLINOIS.

Berner v. East St. Louis & Suburban Ry. Co., 207 Ill. App. 544.

offered in evidence, and while there is some evidence in the record tending to prove that the car gave a lurch as it approached said bridge on account of a slight curve in the track near said bridge, still we hold that the undisputed facts in the case disclose that appellee's intestate at the time of the injury was guilty of negligence which contributed to the injury and death. Had Berner taken a seat in the car as requested by the conductor, the injury in question would not have happened. The testimony of the conductor relative to this matter is as follows: "I stepped out on the platform just about the time this man got on the car and I stepped back to the emergency brake wheel, and I took his fare and took him by his shoulder, with the right hand, and asked him to step inside of the car, and he said, 'never mind, I am all right,' and he stood there by the cab window." This evidence is not disputed by any one, and we think clearly discloses that appellee's intestate, of his own volition and against the request of appellant, saw fit to place himself in a dangerous position, notwithstanding the condition the testimony tended to show he was in with reference to sobriety, and as a result thereof he received the injury which caused his death. We therefore hold that the injury and death of appellee's intestate were caused by his own negligence, and lack of due care for his own safety. This holding we think is supported by the weight of authorities in this State. *Quinn v. Illinois Cent. R. Co.,* 51 Ill. 495; *Sterling, D. & E. Elec. Ry. Co. v. Wise,* 128 Ill. App. 632; *Krug v. Chicago, P. & St. L. Ry. Co.,* 155 Ill. App. 114; *Chicago City Ry. Co. v. Albrecht,* 114 Ill. App. 474.

In *Quinn v. Illinois Cent. R. Co., supra,* the court quoting from 32 Barb. 399 in the case of *Willis v. Long Island R. Co.,* says: "If a man places himself in such a position that in the ordinary movement and conduct

of the train he is exposed to danger, he may justly be said to be negligent of his security, and must take the consequences if he is injured.  *  *  *  If the plaintiff in this case had been thrown off the platform by a jerk or movement of the train, he would have encountered a danger incident to his position, and although the jerk might have been occasioned by high and unusual speed, or other mismanagement, still, at the most, the fault would have been mutual.'' This language was quoted and approved in *Krug v. Chicago, P. & St. L. Ry. Co., supra.*

In *Sterling, D. & E. Ry. Co. v. Wise, supra,* at page 636, the court in discussing the question of due care says: ''There is necessarily some motion in a car running 10 or 15 miles per hour. Defendant did not invite its passengers to stand upon the steps of its car while it was running at full speed. If plaintiff's proofs be taken as true, then the plain fact is that plaintiff unnecessarily placed himself in a position of danger while the car was running 10 or 15 miles per hour, and did not take such a hold upon the handlebars as enabled him to retain his place upon the car, and fell because of his own acts and neglect, and not because the car did not stop. A passenger upon a car traveling at a high rate of speed may not place himself where he will fall unless the car stops, and, when he falls and is hurt, avoid responsibility for his own injury by saying it was the duty of the conductor to stop the car and if it had stopped he would not have been hurt.''

In the cases above referred to the court holds as a matter of law that a party is barred from a recovery on account of failure to prove due care as alleged in the declaration. It must be remembered that the proof of due care is affirmative proof and must be made by the plaintiff before a recovery can be had in a personal injury case. We think the record in this case

wholly fails to show any affirmative proof whatever of due care on the part of appellee's intestate. In fact, the evidence all tends to prove a want of due care on his part.

Appellee insists that the question of due care is a question of fact for the jury. Generally speaking, this is true, but where the undisputed facts show a want of due care on the part of the person injured and that he was guilty of negligence which contributed to his injury, then the question of due care and contributory negligence becomes a matter of law.

Other errors are assigned on the record, but inasmuch as our holding is that the plaintiff is not entitled to recover on account of contributory negligence, it will not be necessary for us to discuss them.

For the reasons above set forth, the judgment will be reversed. The clerk will incorporate as a part of the judgment in this case a finding of fact to the effect that appellee's intestate was guilty of negligence which directly contributed to his injury and death, and that the defendant was not guilty of negligence which was the proximate cause of such injury.

*Reversed with finding of fact.*