JOHN B. LEGNARD

*v.*

CHARLES B. RHOADES *et al.*

*Filed at Ottawa May 15, 1895.*

1. APPEALS AND ERRORS—*refusal of Appellate Court to review evidence.*
The Supreme Court will not pass upon controverted questions of
fact on appeal from or writ of error to the Appellate Court, al-
though the latter court has refused to review the evidence.

2. SAME—*evidence must be preserved in bill of exceptions.*   To bring
before a court of review the question whether the evidence sus-
tains the judgment, such evidence must be preserved in a bill of
exceptions signed and sealed by the trial court, or particularly re-
ferred to and by express terms made a part of it, in such a manner
as clearly to come before the court.

3. RECORD—*manner of including documentary evidence in the record.*
Documentary evidence is sufficiently made a part of the record by
recitals in the bill of exceptions that it was marked by certain
numbers and attached thereto and made a part thereof, and by
attaching them to such bill, designated by such numbers, before
the bill is signed and sealed by the judge.

4. COURTS—*Appellate Court should decide questions of fact.*   It is the
duty of the Appellate Court to consider and decide questions of
fact on the evidence properly presented by the record, and its
failure to do so is ground for reversal.

*Legnard* v. *Rhoades,* 51 Ill. App. 477, reversed.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county ; the Hon. RICHARD W. CLIFFORD,
Judge, presiding.

E. K. SMITH, and WILLIAM E. FREER, for plaintiff in
error:

Exhibits are a part of the original bill of exceptions,
and are a part of the record, and the Appellate Court, on
appeal, should consider the same.     *Parsons* v. *Armor*, 3
Pet. 413.

The trial court has a right to say how original papers,
which are made a part of an original bill of exceptions,
shall be identified.    *Rogers* v. *Hall*, 3 Scam. 5; *Moss* v. *Flint*,
13 Ill. 570 ; *Wright* v. *Griffey*, 146 id. 394.

The Appellate Court had no more right to discredit
the exhibits than it had to tear out or refuse to consider
some other particular page or pages of the record.    *United
States* v. *Morgan*, 11 How. 154; *Kleinschmidt* v. *McAndrews*,
117 U. S. 282 ; *Generics* v. *Campbell*, 11 Wall. 193 ; *Stanton*
v. *Embry*, 93 U. S. 548 ; *Ensminger* v. *Powers*, 108 id. 292.

ELISHA WHITTLESEY, Jr., and JAMES C. MCSHANE,
for defendants in error:

Plaintiff's counsel, in their brief, insist upon reviewing
the proceedings in the trial below, and the sufficiency
of the evidence to support the verdict.    This cannot be
done.    *City of Joliet* v. *Seward*, 99 Ill. 267 ; *Kreigh* v. *Sher-
man*, 105 id. 49 ; *Railroad Co.* v. *Morgenstern*, 106 id. 216 ;
*Paddon* v. *Insurance Co.* 107 id. 196 ; *Furnace Co.* v. *Abend*,
107 id. 44 ; *Eames* v. *Abend*, 105 id. 506.

The only matter for the consideration of the Supreme
Court is, whether the Appellate Court was materially in
error in disregarding the exhibits of plaintiff in error.
The decision of the Appellate Court seems to be based
on *Telegraph Co.* v. *Board of Trade*, 144 Ill. 370 ; *Rogers* v.
*Hall*, 3 Scam. 6; *Moos* v. *Flint*, 13 Ill. 570; *Wright* v. *Griffey*,
146 id. 394.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought by Charles B. Rhoades and Orville H. Whittlesey, against John B. Legnard, to recover money alleged to be due on a contract executed by the parties on the 20th day of February, 1890, which was in substance as follows:

"Rhoades and Whittlesey are to make as many brick at the yard of Legnard, in Chicago, as can be made during the season of 1890. They are to dig the clay, make and burn the brick and load them on Legnard's wagons, and furnish all necessary fuel, oil, etc., and keep all machinery in good repair, and turn the yard and machinery back at the end of the season, or expiration of the contract for any cause, in good condition as received, ordinary wear excepted, Legnard to pay them for all brick of good quality, delivered on his wagons, $2.75 per M., to be paid as follows: The fuel bills and labor every two weeks, for the actual time men have worked, according to time-books, provided the amount shown on the books is due said Rhoades and Whittlesey at the time. The money so advanced for fuel, labor, etc., shall be deducted from the amount that may be due Rhoades and Whittlesey at the time of settlement. At any time when the yard is not run with due diligence, or when brick made are not satisfactory to Legnard, he may cancel this contract without further notice, and make settlement for brick made, and take possession.

O. H. WHITTLESEY,
J. B. LEGNARD,
C. B. RHOADES."

Upon the execution of the contract Rhoades and Whittlesey went into the possession of Legnard's brick yard, and commenced at once the manufacture of brick. They continued the work of making and delivering brick under the contract until July 13, 1890, when the defendant, Legnard, stopped the work and took possession of the yard. At the time this occurred the jury find that the

plaintiffs were not in default, but were ready and willing
and able to go on and perform the contract.   They also
find that the defendant was not able and willing to per-
form his part of the contract during the brick making
season of 1890.

The declaration contained the common counts and
several special counts, and on a trial the jury returned a
verdict in favor of the plaintiffs for $5000.   There was
remitted by plaintiffs $2200, and judgment entered for
$2800.   On appeal to the Appellate Court this judgment
was affirmed, and defendant has appealed to this court.

Upon an examination of the record it appears that no
instructions were asked or given on behalf of the plain-
tiffs, and all the instructions prepared and asked by the
defendant were given.   There was therefore no error in
the decision of the court on instructions.   It is, however,
claimed, that the evidence was not sufficient to warrant
the judgment, and that the Appellate Court refused to
review the evidence, and hence it is insisted that this
court should review the facts and reverse on the ground
of the insufficiency of the evidence, or reverse the judg-
ment of the Appellate Court and remand to that court
with directions to review the evidence and pass upon
the facts.

In regard to the first position of counsel, that this
court should review the facts, it is sufficient to say, that
under the statute, as has been held by numerous deci-
sions, this court does not review and pass upon contro-
verted questions of fact on appeals from and writs of
error to the Appellate Court.

As to the second position, that the judgment should
be reversed and the cause remanded to the Appellate
Court with directions to review the facts, upon an exam-
ination of the record it appears that the original bill of
exceptions was filed in the Appellate Court as a part of
the record, by agreement of the parties, in order to avoid
the expense of making a transcript.   It also appears

that on the trial a large number of exhibits were introduced in evidence, and in making up the bill of exceptions these exhibits were incorporated in the bill of exceptions as exhibit 1, exhibit 2, etc., placing the number on each exhibit, and then they were all attached to the bill of exceptions and fastened thereto with a string. In the Appellate Court the exhibits became detached from the record, but, on motion of plaintiff in error, the exhibits were again fastened to the bill of exceptions as they had been in the first instance, and the record was restored to the same condition it was when first filed. It appears, however, that the Appellate Court held, as the bill of exceptions was made up the exhibits did not become a part of the record, and, consequently, as all the evidence introduced on the trial was not preserved in the record, it would presume, without considering the evidence, that there was ample evidence to sustain the judgment. The court therefore declined to consider the sufficiency of the evidence to sustain the judgment.

When it becomes necessary to bring the evidence introduced on a trial in an action at law before the Appellate Court, it must be preserved in a bill of exceptions signed and sealed by the court before whom the trial was had, or if not incorporated into a bill of exceptions, (which is the correct practice,) the evidence must be particularly referred to and by express terms made a part of the bill of exceptions, in such a manner that it will clearly come before the court under the sanction of the court before whom the cause was tried. (*Moss* v. *Flint,* 13 Ill. 570; *Wright* v. *Griffey,* 146 id. 394.) Here the recitation in the bill of exceptions in regard to all the exhibits seems to be the same. We will therefore only refer to one, which is as follows: "Counsel for defendant again offers said inventory in evidence, and the same is marked 'Defendant's exhibit 1,' and attached hereto and made a part hereof." The parties also entered into a written stipulation in the bill of exceptions, as follows:

"That this original bill of exceptions (including exhibits) may be included in the transcript of the record instead of a copy thereof." Under the facts thus presented we think the exhibits became a part of the bill of exceptions. They were marked a certain exhibit under the sanction and direction of the court, and when the judge before whom the cause was tried placed his signature, and seal to the bill of exceptions, to which all these exhibits were attached by a designated number or description, they became a part of the bill of exceptions, and the original bill of exceptions and exhibits, under the stipulation of the parties, became a part of the record.

The statute conferred the right on plaintiff in error to appeal or sue out a writ of error to review the judgment of the circuit court. The Appellate Court is authorized to review questions of law and fact, and when a case is presented it is the duty of that tribunal to consider the questions of fact as well as questions of law. Indeed, where the judgment of the circuit court is erroneous on the facts, the Appellate Court is the only tribunal where an error of that character can be corrected, and if not corrected there, the party is deprived of a right conferred by the statute. It is therefore not only the duty of the Appellate Court to review the evidence when it is claimed that the judgment is erroneous on the facts, but it is a matter of the greatest importance to the parties to a cause that the facts should be considered and passed upon, and it is error to refuse to review the same. Here the principal error relied upon in the Appellate Court was that defendants in error were not entitled, under the evidence introduced, to recover. That question has never been passed upon. There can be no doubt in regard to the right of plaintiff in error to have that question decided in the Appellate Court. The judgment of the Appellate Court will therefore be reversed and the cause will be remanded, with directions to pass upon the evidence. *Reversed and remanded.*