## James V. B. Mahany, Administrator of John W. Mahany, v. John E. Edwards.

1. VERDICTS—*Not Manifestly Against the Weight of the Evidence.*— Where the question is one of fact for the jury, if the verdict is not manifestly against the weight of the evidence, it must stand as decisive of the controversy.

**Replevin and Trover.**—Appeal from the Circuit Court of Stark County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

ALLEN P. MILLER, attorney for appellant.

M. SHALLENBERGER and VICTOR G. FULLER, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit in replevin and trover by appellee for the recovery of a mare, claimed by him to have been purchased of John W. Mahany in his lifetime; he died in about two days after the alleged purchase.

The mare was not found, and appellee recovered in the court in trover the sum of $150, the value of the mare. The main contention on the part of the appellant is that the verdict is against the weight of the evidence, though complaint is also made that the court rejected competent evidence offered by appellant and admitted improper evidence on the part of appellee.

The appellant could not be a witness in his own behalf on his own motion as to the purchase of the mare and so had to depend on his son, Fay Edwards, a boy attending school, and Harley Guyse. Fay Edwards testified that he heard the bargain of purchase and sale between his father and Mahany, now deceased, on the 21st of November, 1894, about 11 o'clock, between Overmann's drug store and Sad-

dler's clothing store; that the mare was purchased by his father for $150 and paid for at the time. Guyse testified to seeing John Mahany and the appellant standing at the town hall, between the same stores, and heard Edwards say in presence of Mahany, that he had bought the mare, and Mahany told witness that Edwards had purchased the mare.

These two witnesses were corroborated by the evidence of George Saddler, the owner of the clothing store named, who testified that he saw appellant and John W. Mahany walk by his store, and saw them below and east of his store together, and then saw them sitting on the stone between the two stores, but he could not fix the date; thought it was in the forenoon a short time before Mahany's death. This was about all the evidence in chief on appellee's part and was clearly sufficient to sustain the verdict unless overthrown by the appellee's evidence. We may mention the mare was not present, but in a pasture some distance away and delivered to appellee there, if the evidence is to be believed.

To rebut this, appellant contended that the evidence of Fay Edwards and Guyse was false and fabricated, and undertook to prove that John W. Mahany was not present at the time and place testified to by the two witnesses named, and no such conversation could have taken place as they testified to and no sale could have been then made.

But the evidence was not conclusive; it depended on the memory of witnesses as to the hour of the day, and is of a class of evidence on which a witness may be easily mistaken. The different statements of appellant as to the purchase, and who was present, and the day he purchased, were not conclusive to contradict the witnesses, and then the evidence of Saddler corroborated them somewhat.

The contradictions of Guyse's testimony was also a question for the jury.

Dr. J. W. Short also testified he offered Mahany $275 for the mare three days before his death and he refused. Appellant was called and explained what he told the wit-

nesses to some extent. The evidence was all before the jury and it was a question for it to decide, and we do not feel that the verdict is so against the weight of the evidence, as that it should be set aside. The evidence of appellant that he got the money in the country to pay for the mare is not abstracted and no exception appears preserved. We will not go into the record in search of the evidence. The abstract fails to show any objection or exception to George Hartley's testimony.

We do not think that the exclusion of the inventory of John W. Mahany's estate, to show the extent of his estate, was reversible error, if error at all. It had a very remote bearing on the question of whether the mare was sold, and there was no evidence tending to show that Mahoney was poor or in needy circumstances, in fact nothing to contradict. It was not claimed that the mare was bought cheaply because Mahany was in needy circumstances. The jury could not have been misled on that point. The same with the date of justice summons excluded. It was no material contradiction of the Guyse testimony to dates. He testified the purchase was made the day before the summons was issued, which purported to be on 22d November, 1894.

The conversation of deceased as to the purchase of the mare was not admissible.

Seeing no error in the record of sufficient importance to reverse, the judgment of the court below is affirmed.