## City of Nokomis v. Ellen Farley.

1. SIDEWALK—*what essential to liability of municipality for personal injuries resulting from an alleged defective.* Where actual notice of the alleged defect is not shown, it is essential to a recovery against a municipality that it appear that such defect existed for such length of time that the municipality, in the exercise of reasonable care, should have known of such defect, and was, consequently, chargeable with negligence in failing to repair the same.

2. SIDEWALK—*responsibility of municipality with respect to.* Cities and villages are not insurers against accidents and are only required to exercise reasonable care and diligence to keep the same in a reasonably safe condition for travel.

3. VERDICT—*duty of Appellate Court to review, upon facts.* The law has confided to the Appellate Court the duty of determining whether a judgment is against the weight of the evidence, and where it is manifestly against the weight of such evidence, it will reverse and remand the cause.

Action on the case for personal injuries. Appeal from the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed March 16, 1904.

W. G. WEBSTER and LANE & COOPER, for appellant.

W. M. TODD and JETT & KINDER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a judgment, on a verdict, against appellant for $100, for injuries sustained to her person by falling on an alleged defective sidewalk.

The only ground urged for reversal is, that the verdict and judgment is contrary to the manifest weight of the evidence in the case. If the record discloses this contention to be meritorious, it is clearly the duty of this court to sustain it and to reverse and remand the cause.

Appellee in her own behalf testified that as she was walking on Oak street, in the city of Nokomis, on August 7, 1902, she came to a place where three boards of the sidewalk were out of place; that as her companion, Mr. Singer, who was on the outside of the walk, stepped on the end of one of the boards, it raised up and struck her or threw her down, causing the injury sued for; that she has no recollection of seeing any loose boards in the walk before that occasion. Nicholas Singer, mayor of the city, a witness on behalf of appellee, testified that he was walking with appellee at the time of her injury; that after appellee fell he saw a loose board in the sidewalk, with a hole in its end three inches wide and six inches long; that he had always considered that a good piece of sidewalk; that he did not notice any loose boards until appellee fell and that there were no boards out of the sidewalk; that after appellee fell he kicked the board off the walk; that the hole in the board had the appearance of having been there for some time, but was so small that a person passing by would not notice it; that he had passed over the walk two or three times a day before the accident and had never noticed anything wrong with it. J. C. Osborn, a witness on behalf of appellee, testified that he frequently passed over the sidewalk in question and that it had been in poor condition for twelve or fifteen years; that at different times he had

City of Nokomis v. Farley.

seen boards loose and out of place; that the stringers were so decayed that they would not hold nails and a board would fly up if stepped on at the end; that he thought he had noticed this condition of the walk within the last three years; that the walk was laid thirty-one years ago and had never been rebuilt to his knowledge; that he had made no personal examination of the stringers there within two or four years and could not fix any definite time within which he had observed the condition testified to.

The foregoing is the substance of all the evidence offered in support of appellee's case and it will be observed that it embraces no proof that appellant had actual notice of the alleged defect in the sidewalk prior to August 7, 1902. Appellee's right of recovery, therefore, must be predicated on proof that the alleged defect in the sidewalk had existed for such length of time that appellant in the exercise of reasonable care should have known of such defect and was consequently chargeable with negligence for a failure to repair the same. The only witness for appellee who testifies that the sidewalk in question was defective prior to August 7, 1902, is J. C. Osborn, and he fails to fix any definite time within which he observed it to be so.

On behalf of appellant, Thomas Wilson, the street commissioner, testified that he had examined the sidewalk in question in the course of his official inspection, two days before the accident to appellee; that at that time there were no loose, broken or decayed boards in the walk and that the stringers were sound. Eleven other witnesses on behalf of appellant, who had occasion to travel over the sidewalk frequently, some of them six to eight times a day, testified that there were no holes or loose or broken boards in the walk and that the stringers were sound. Several of these witnesses resided in close proximity to the sidewalk in question and had occasion and abundant opportunity to observe its condition. The evidence also clearly shows that the sidewalk was built in 1894 and that the witness Osborn must have been mistaken when he fixed its life at thirty-one years.

Cities and villages are not insurers against accidents, and are only required to exercise reasonable care and diligence to keep the sidewalks in a reasonably safe condition for travel. "The law has confided to Appellate Courts the duty of determining whether a judgment is against the weight of the evidence." Chicago City Ry. Co. v. Mead, 205 Ill. 174. In Chicago and Erie R. R. Co. v. Meech, 163 Ill. 305, the court said: "A performance of this duty is absolutely essential for the preservation of the rights of citizens and property owners in all those classes of cases where the judgments of the Appellate Courts are final and conclusive upon all questions of fact."

The verdict in this case is so manifestly contrary to the weight of the evidence, that the judgment rendered thereon must be reversed and the cause remanded.

*Reversed and remanded.*