## The Singer Manufacturing Company v. Joseph A. Weil.

### Gen. No. 4,401.

1. VERDICT—*duty of Appellate Court to review, as to questions of fact.* It is the duty of the Appellate Court under the law as it exists in this state to reverse the judgments of trial courts and the verdicts of juries where upon consideration of the testimony they find that such judgments or verdicts are clearly against the weight of the evidence.

Action of debt. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

ARTHUR KEITHLEY, for appellant.

ISAAC J. LEVINSON and GEORGE B. FOSTER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is an action of debt brought by the Singer Manufacturing Company against Joseph A. Weil upon a bond executed by said Weil as surety for John R. Ewing, to secure the faithful performance by Ewing of his duties as an employee and agent of the Singer Company. Defendant pleaded *nil debet* and *non est factum.* There was a jury

trial and a verdict and a judgment for defendant, from which plaintiff appeals.

The suit was brought to recover, among other things, for the value of some thirteen sewing machines delivered to Ewing under said employment, and for which he turned in to the company so-called leases to the alleged purchasers, which purchasers, it was claimed by plaintiff, did not complete payment for the machines and could not be found. It was also claimed that most of the machines could not be found, and that those which were found by the company were in the possession of some one else than the party whose name was signed to the lease which Ewing had turned in to the company. In such cases the party in possession had Ewing's receipt for the whole or a large portion of the purchase price, and this he had not accounted for to the company. Plaintiff introduced these leases; proved they had been turned in by Ewing; that none of these purchasers could be found at the street and number in the city of Peoria named in their respective leases; that none of their names were in the directory of the city of Peoria; that extensive search had been made at the places named in the leases, and it could not be found that such persons had ever lived there. In some cases there were no such street numbers. In one or more cases the family then living at a street number given in such a lease, had lived there continuously for many years, and they had no such name, and had not bought such a machine. Plaintiff also introduced proof that the signatures to several of these leases were in the handwriting of Ewing. Ewing had been furnished with a receipt book of a form provided by the Singer Company for the use of its agents. Each receipt had a stub attached to it, the purpose being to have the stub filled out with the important details of the receipt left in the book when the receipt was torn from it and issued. Each receipt and its stub bore a printed number differing from the printed number on any other stub and receipt issued by it. The stubs he turned over to the company. In one case he turned in a stub

showing a machine sold to E. M. Scott and $1 collected thereon. But the receipt bearing the same printed number as that stub was found by the company in the hands of George Wantling, issued to him for $28 for a machine, and signed by Ewing. Before this suit was brought plaintiff brought these matters to Ewing's attention, and he made various explanations and offered to find the parties and the machines, but he did not fulfill his promise, and it is evident he could not do so. Ewing claimed all these machines were sold to *bona fide* purchasers, but he was unable to produce any of them. Ewing admitted in his testimony that the street number he inserted in the lease was frequently false, and that he did this for the purpose of deceiving the company, but he claimed his sole object was to prevent the company from sending some other agent to deal with his customers. This explanation is possibly true, but it is so unreasonable as to invite unbelief. Ewing testified that when he left the employ of the company it owed him $135 for commissions due him, and that this has not been paid. He did not give the numbers of the machines or names of the purchasers of the machines upon which such commissions were due and unpaid, so that the truth of the statement could be tested. He admitted that he made weekly returns to the company, and that the company settled with him every Saturday, and in none of these settlements did he make any claim that back commissions were due him, and he does not claim that that or any other sum accrued to him during the last week he was in the company's service. To our mind it is clear that the jury were not warranted in believing his testimony. The proof makes it clear that Ewing appropriated to his own use a number of machines belonging to the company, and turned in false leases therefor. This bond was given to secure the company against such delinquencies.

It is urged that this court should not set up its judgment against the decision of the jury upon a question of fact. On the contrary, it is the duty of the appellate courts under the law as it exists in this state, to reverse the judg-

ments of trial courts and the verdicts of juries, where, upon consideration of the testimony, they find that such judgments or verdicts are clearly against the weight of the evidence. Chicago City Ry. Co. v. Mead, 206 Ill. 174. The law requires this court to review the decision of trial courts upon questions of fact. While due weight ought to be given to the verdict of the jury and to the approval thereof by the trial judge who saw and heard the witnesses, and their conclusion will not be reversed in a merely doubtful case, yet it is absolutely essential for the preservation of the rights of citizens and property owners that we perform the duty the law casts upon us, and that we set aside a verdict we conclude is clearly against the weight of the evidence. In our judgment the verdict in this case was not warranted by the proof and does not do justice between the parties.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*