## Chicago, Rock Island & Pacific Railroad Company v. Nels Nelson.

### Gen. No. 4,348.

1. APPELLATE COURT—*duty to review case upon facts.* It is the duty of the Appellate Court to determine whether a verdict or a judgment is against the weight of the evidence and to reverse the judgment of the trial court or the verdict of a jury where upon consideration of the testimony they find the verdict or judgment is clearly against the weight of the evidence.

Action on the case for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

STEVENS & HORTON, for appellant.

J. A. CAMERON, for appellee; JOSEPH A. WEIL, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

Bridge street in Peoria runs in an easterly and westerly direction, and near the river it is crossed by four railroad tracks running in a northerly and southerly direction. The

two westerly tracks are operated by the Peoria & Pekin Union Railway Company, and the two easterly tracks are operated by the Chicago, Rock Island & Pacific Railway Company. There is a space of about fifteen feet between the two sets of tracks. Nels Nelson approached said tracks from the west on Bridge street. He had a wagon without a box, and it was drawn by a team of horses. He was sitting on the hounds of the wagon, between the hind wheels. He claims that he stopped to await the passage south of a passenger train on the second track from the west side; that after it passed, the flagman on the crossing signalled him to come on; that his view south of the crossing was obstructed by box cars standing on the first and third tracks; that he drove over; that just as his horses were on the fourth track from the west side he discovered some box cars being backed towards him from the south; that no bell was rung or whistle sounded; that he tried to hurry up his horses, but the nearest box car struck the hind wheel of his wagon and he was thrown off and injured. He sued the Chicago, Rock Island & Pacific Railway Company for the injuries so sustained, and recovered a verdict and a judgment, from which the railroad company prosecutes this appeal.

The flagman was in the service of the city and not of the railway company. Besides showing that an automatic bell was ringing, and claiming there were no cars on the third track south of the crossing to obstruct plaintiff's view, and questioning plaintiff's exercise of due care, defendant claims that when plaintiff was seen approaching, its engine, backing and pushing but one car, was almost instantly stopped when its car projected but a few feet upon the crossing; that plaintiff had lost control of his horses, and they were running; that the car was not nearer his wagon than ten or fifteen feet and did not strike it at all, but that after plaintiff's running team had passed somewhere from 75 to 130 feet beyond the track, plaintiff fell or was thrown from his seat on the hounds of the wagon, and thus received his injuries.

Each count of plaintiff's declaration charged that defendant's car struck plaintiff's wagon, and thereby caused his injuries, and it was necessary he should establish that allegation by the greater weight of the evidence in order to entitle him to recover. We have endeavored to make a careful examination of the evidence, not only as abstracted, but also as given at length in the record, and in our judgment a clear preponderance of the evidence favors defendant's contention that the car did not strike plaintiff's wagon, but that his horses ran away with him and he fell off when quite a distance beyond the tracks. Plaintiff had but one witness besides himself who testified the car hit plaintiff's wagon, and that witness was on the west side of the tracks and beyond an intervening north and south street. One other witness for plaintiff corroborated plaintiff on other points. Defendant's witnesses were men close by and in a better position to know exactly what occurred. Three witnesses for defendant who were close at hand testified the car did not strike plaintiff's wagon, and one of these was not in the employ of defendant. Three other witnesses for defendant who were close by but who were not looking that way at the instant the wagon passed over that track, testified to facts inconsistent with the theory that the car struck the wagon, and one of these was not in the employ of defendant and had no possible interest. Still another disinterested witness testified that in a conversation with plaintiff very soon after he was injured (which conversation plaintiff denied), plaintiff, explaining how he came to be hurt, said his horses became frightened and he fell off the running gear. Besides this, there are other parts of the testimony which much weaken the value of the testimony of the plaintiff and his witnesses. We think it unnecessary to extend this opinion by reciting the details to which we refer.

The duty of the Appellate Courts to determine whether a verdict or a judgment is against the weight of the evidence and to reverse the judgment of a trial court and the verdict of a jury where, upon consideration of the testi-

mony, they find the verdict or judgment is clearly against the weight of the evidence, has been so plainly expressed in Chicago City Ry. Co. v. Mead, 206 Ill. 174, and in I. C. R. R. Co. v. Smith, 208 Ill. 608, and in the cases there cited, that that subject does not require further discussion in this case. In our opinion this cause ought to be submitted to another jury. One instruction given for plaintiff is without meaning, owing, apparently, to some mistake in its preparation. We call attention to its lack of meaning that it may not be given again in that condition.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*