## Baltimore & Ohio Southwestern Railroad Company v. Esther Thurston.

1.  VERDICT—*when not disturbed.*    A verdict will not be set aside on appeal as against the preponderance of the evidence, unless it appears that it is the result of passion, prejudice, partiality or mistake.

Action on the case for personal injuries.    Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding.    Heard in this court at the August term, 1904.    Affirmed. Opinion filed March 17, 1905.

L. M. KAGY and KRAMER, KRAMER & SHAEFFER, for appellant; EDWARD BARTON, of counsel.

CHARLES H. HOLT, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.
Appellee brought suit in the Circuit Court of Marion county against appellant to recover damages for injuries received from a fall while in the act of stepping from a

passenger coach to the platform at Flora, Illinois, a station on the railroad operated by appellant. The declaration as amended, and upon which the case was tried, contains three counts. The first count alleges that while appellee was attempting to alight from the car the conductor "wantonly, recklessly, carelessly, and negligently, seized her by the arm and without notice suddenly jerked her from the train." The second count charges that the conductor "carelessly, uselessly and negligently seized her by the hand and suddenly jerked her with great force and violence off the car upon the platform." The third or amended count alleges that the brakeman seized her by the arm and jerked her from the car to the platform, whereby she was greatly injured. The general issue was pleaded, and the case tried by a jury which returned a verdict for appellee for $300, upon which judgment was rendered, and an appeal taken and perfected to this court.

The only contention urged by appellant is that the verdict is so manifestly against the weight and preponderance of the evidence that it ought to be set aside and that the trial court erred in denying appellant's motion for a new trial. There is a sharp conflict of testimony upon the issue made by the allegation contained in the first and second counts that the conductor seized the appellee's arm or hand as she was alighting from the train. There is no evidence to support the third or amended count. Respecting the power and duty of the court in reviewing the evidence by which a verdict and judgment has been obtained, the rule to which this court is committed, is clearly stated and fully discussed with apt citation of authority in the case of St. Louis National Stock Yards v. Godfrey, 101 App. 40. The rule there adopted is found in a quotation from the opinion of the Supreme Court in I. C. R. R. Co. v. Gillis, 68 Ill. 317, as follows: "If any rule of court can be so well established as to be neither questioned nor require the citation of authorities to support it, it is, that the verdict will not be set aside whenever there is contrariety of evidence, and the facts and circumstances, by a

fair and reasonable intendment, will authorize a verdict, notwithstanding it may appear to be against the strength and weight of testimony." Conversely we stated the rule in the Godfrey case, "that although there may be evidence tending to prove all that is required to warrant a recovery, still, where the verdict is so manifestly against the weight of the evidence as to make it apparent to the court that the verdict was not the result of the impartial and honest judgment of the jury, but that it must have resulted from mistake, or from partiality, prejudice, passion, or some improper motive or condition, it is the duty of the court to set aside the verdict and award a new trial." Upon a careful examination of the reported decisions of the Supreme and Appellate Courts of this state, wherein this rule has been invoked, it will be found that there is no substantial conflict of opinion, not even in the statement and application of the rule as sometimes may appear upon first impression. That the Appellate Court is authorized to review questions of law and fact, and that its duty is to consider questions of fact as well as questions of law when presented on appeal, as stated in Legnard v. Rhoades et al., 156 Ill. 431, and that a verdict returned against the manifest weight of evidence may be set aside by the trial court or Appellate Court, according to the opinion in Calumet Elec. St. Ry. Co. v. Lee, 90 App. 393, are propositions of law quite in harmony with the rule here announced, when applied to a like contention, under the evidence as it appears in this case.

After a careful examination of the evidence we are unable to say that the verdict is the result of passion, prejudice, partiality or mistake; that is, a mistake in the sense that the jury did not understand the issue on trial or the bearing of evidence upon that issue, or the instructions of the court in making application of the law. The court may not arbitrarily interpose against the verdict, merely on the ground that in the judgment of the court on the evidence the verdict should have been different. It is the province of the jury to weigh the evidence and determine

the credibility of witnesses. And if nothing appears in the record from which the court may say that the jury was moved by prejudice, partiality or mistake as set forth above, the verdict is conclusive, and so we hold in this case. The motion to instruct the jury that appellee was not entitled to recover on the additional count should have been allowed and the instruction given, but this the Supreme Court has held may not be regarded as reversible error. Consolidated Coal Company v. Scheiber, 167 Ill. 539. The judgment of the Circuit Court will be affirmed.

*Affirmed.*