## Edgar L. Titus v. John Bàtes, et al.

### Gen. No. 4,457.

1. VERDICT—*when set aside.* It is the duty of the Appellate Court to reverse the judgment of the trial court and the verdict of the jury where it finds the verdict and judgment clearly against the weight of the evidence.

Action of assumpsit. Appeal from the Circuit Court of Lee County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed August 1, 1905.

E. E. WINGERT, for appellant.

D. W. BAXTER, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

John Bates, George Goyen and Eddie Morton sued Edgar L. Titus in the court below in an action of assumpsit and filed a declaration, and afterwards, by leave of court, changed the form of the action to case, and filed another declaration. The declaration in case charged that H. E. Wagner owned a farm in Palo Alto County, Iowa, containing 405 acres, and employed defendant to sell it; that plaintiffs were ignorant of the boundaries of said farm; that defendant falsely, fraudulently, deceitfully and knowingly represented to them that a certain wet and marshy tract of land, with an island therein, was not a part of said farm of 405 acres, but that if they would purchase said farm they could obtain the use of said swamp and the island without paying any rent therefor; and that relying and confiding in said representations they entered into an article of agreement with Wagner to purchase said farm, and paid him $2,000 thereon and agreed to pay $22,300 on March 1st following, when Wagner was to execute and deliver to them a deed; whereas, in fact said wet, swampy and marshy land and the island therein was a part of said farm and included in said 405 acres; that they bought said farm at $60 an acre, and that the lands shown plaintiffs as constituting said

farm were worth $60 per acre, but that said swamp and island were practically worthless; and that they paid $2,000 upon the contract and were thereby falsely deceived and defrauded by the defendant. Defendant pleaded not guilty. There was a jury trial, and a verdict and a judgment for plaintiffs for $2,000, from which defendant prosecutes this appeal. Upon a hearing of the appeal we reversed and remanded the cause because of the lack of certain essential testimony for plaintiffs, the existence of which proof was assumed in the instructions given for plaintiffs. We afterwards granted a rehearing because we found that some of the testimony supposed to be lacking was in fact contained in the record, although not set out in the abstract. Upon the rehearing we have carefully examined all the evidence in the record, and we are unable to find any legitimate proof that the mainland purchased by the plaintiffs did not in fact contain 405 acres without including the marsh or the island. There is proof that Wagner and certain other parties in Iowa told the plaintiffs, or one or more of them, that the island and marsh were included in the 405 acres, and this proof was admitted without objection. But it only proves that these persons so stated, and it does not prove as against this defendant that the island and marsh were in fact part of the 405 acres. It was, therefore, error to give the first instruction requested by plaintiffs, for it assumed the statements made by defendant were false. But we base our decision also on another ground.

The three plaintiffs testified in varying language that defendant told them that the east line of the land was some distance back from the lake, being the high water mark of the lake, and that the land between the high water mark and the water, and the strip of swamp and water, ten to twenty rods wide between that and the island, and the island itself, containing some thirty acres, belonged to the government, and could not be bought, and that the owner of the farm would have the free use of that government land, and could pasture his cattle upon the island, and

Titus v. Bates.

would have the first chance to buy the island if it was ever offered for sale by the government. One witness called by plaintiffs and defendant and two other witnesses called by him, each stated that it was an Iowa agent who made these statements to the plaintiffs. It seems that Wagner. wished to sell this land because he had purchased other lands and needed the proceeds of these lands to complete his other purchase, and had placed the sale of these lands in the hands of two agents in the vicinity of the farm, Helgen and McNally, who, though not partners, co-operated with each other. It was upon a communication from one of them to Titus that he induced plaintiffs to go to Iowa to see the land. Plaintiffs' other witness just referred to, who went at the same time to Iowa, testified that he heard Helgen make these statements to plaintiffs. Defendant and his two witnesses testified that McNally made these statements to the plaintiffs. There is, therefore, a numerical preponderance of proof that the statements were not made to the plaintiffs in the first instance by defendant, but by an agent in Iowa who lived near the lands. That this is what did occur is made much more probable by other facts. Titus testifies, and there is no proof to dispute it, that he never saw this farm or this island until he visited this land in company with McNally and the plaintiffs; that he did not know there was an island there until that day; and that the statements of McNally made in the hearing of all the plaintiffs, were in answer to his question as to whether the island was part of the farm. Defendant was a real estate agent in a village in Lee county, and plaintiffs had known him for a number of years, and it is not reasonable to suppose that they would look to him as possessed of the details of the boundaries of this land, while it is reasonable to suppose that they would expect to get information of those details from the men who lived in the vicinity, and not from their neighbor in Illinois. According to the testimony of defendant and some of his witnesses, he only represented to them what McNally said, coupled with the conditional statement that if these state-

ments were true, then the farm was a bargain.  Upon carefully considering all this evidence, we feel that this cause ought to be submitted to another jury upon the facts, inasmuch as both the preponderance of the testimony and the probabilities of the case favor the defendant.  Our duty to reverse the judgment of the trial court and the verdict of a jury where we find the verdict or judgment clearly against the weight of the evidence, is plainly stated in Chicago City Railway Co. v. Mead, 206 Ill. 174, I. C. R. R. Co. v. Smith, 208 Ill. 608, and C., R. I. & P. Ry. Co. v. Nelson, 115 Ill. App. 432.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*