## Mark H. Hubbell et al., Appellees, v. Edward C. Heidrich, Appellant.

### Gen. No. 4,970.

VERDICT—*when set aside as against the weight of the evidence.*
A verdict will be set aside on review as against the weight of the
evidence where clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the
Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH,
Judge, presiding. Heard in this court at the April term, 1908. Re-
versed and remanded. Opinion filed August 10, 1908.

JAY T. HUNTER, for appellant.

DAILEY & MILLER, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the
court.

Appellant sold and conveyed a lot in the city of
Peoria for $2,250 to L. F. Cook. Hubbell & Newsam,
partners in the real estate business, the appellees, sued
appellant for commissions upon said sale and had a
judgment before a justice and again in the Circuit
Court, from which latter judgment defendant below
appeals.

There is a sharp dispute as to the facts. We have
studied the evidence in the record. Except as to the
fact that appellant conveyed the premises to Cook and
received the purchase price, Newsam was the only
witness for appellees. According to his testimony, he
drove Cook and wife about the city and showed them
various lots, and among others appellant's lot, and
told them the price and urged them to buy it and
recommended its merits, and afterwards called up ap-
pellant by telephone and told him that Cook was look-
ing at the lot and would probably buy it; and appel-
lant urged Newsam not to let Cook get away from him.

This is all that Newsam claims appellees did to effect
a sale. Appellant admits that he had authorized New-
sam to try to sell the lot, but he denies that Newsam
ever telephoned him about Cook, or that he knew till
he was sued that Newsam had seen Cook or had any
connections with his purchase. Mr. and Mrs. Cook
testified that Newsam did drive them about the city
and show them certain lots before they went to the
agent from whom they bought this lot, but each testi-
fied that they had no recollection that Newsam showed
them appellant's lot, and they are sure that if he did.
drive by it and speak of it to them they did not get
out and go upon it. They also testified that nothing
occurred during that drive to cause them to think of
buying appellant's lot. Callender & Causey, real es-
tate agents, also had this lot for sale as agents for ap-
pellant. Grimson was in their employ. A week or so
after Newsam took Mr. and Mrs. Cook about the city
they went to the office of Callender & Causey, and
Grimson drove them about the city and showed this lot.
They got out of the buggy and went upon the lot and
were pleased with it. Still later Mr. and Mrs. Cook
visited the lot alone and decided to buy it. Cook went
to the office of Callender & Causey and there completed
a bargain with Grimson, who drew the necessary deed
and went to appellant and had it executed, and after-
wards exchanged the papers with Cook. Each side
found flaws in the testimony produced on the other side.
We have considered all these criticisms. The proof is
that appellant did not call the name of Cook as a pos-
sible purchaser to the attention of Callender & Causey
or of Grimson. There is in our judgment a clear pre-
ponderance of the evidence that Newsam did not bring
the purchaser and the seller together, and did nothing
which brought about the sale, and therefore his firm
is not entitled to commission. While in a case of con-
flicting testimony much weight must be given to the
verdict of the jury and its approval by the trial judge,
both of whom saw the witnesses, yet when, after giv-

ing due weight to these considerations, we still find that the judgment is unsupported by the proof, it becomes our duty to award a new trial. C. & A. R. R. Co. v. Heinrich, 157 Ill 388; I. C. R. R. Co. v. Hecker, 129 Ill. App. 375, and cases there cited.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*