Sycamore Preserve Works, Appellee, v. Chicago & Northwestern Railroad Company, Appellant.

Gen. No. 8,961.

Opinion filed December 2, 1937. Rehearing denied January 10, 1938.

LOWELL B. SMITH, of Sycamore, and NELSON J. WILCOX and NELSON TROTTMAN, both of Chicago, for appellant.

JOHN M. ZANE and EDWARD A. ZIMMERMAN, both, of Chicago, for appellee; ZANE, MORSE, ZIMMERMAN & NORMAN, of Chicago, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

This case was appealed to this court to the October Term, 1935. An opinion was filed on February 10, 1936, in which we reversed and remanded the case for a new trial. We held that the first four counts of the declaration did not state a cause of action. The fifth count of the declaration charges that a fire was started through the negligence of the railroad company's employees, and since the right of way of the defendant company was covered with dry grass and weeds, the fire spread to the warehouse of the plaintiff, which, with its contents, was greatly damaged. We held that there was not sufficient evidence for the plaintiff to maintain its suit on the fifth count of its declaration.

On February 19, 1936, the Sycamore Preserve Works, the appellee, filed its motion to amend the judgment of the Appellate Court by striking out the words, "and the cause remanded." This motion was supported by an affidavit signed by Edward A. Zimmerman, one of the attorneys for the appellee, in which he stated in part, that, "Under the theory of law laid down by this Court, the plaintiff admits that if there was such error it cannot be obviated by additional evidence, and that it has no further evidence to offer or which it might offer on retrial of the above entitled cause, besides or in addition to the facts, circumstances, and documents which were proven at the trial of said cause heretofore had in the Circuit Court of DeKalb County, which might obviate said error." The affiant further states, "Whether or not the plaintiff, Sycamore Preserve Works has a cause of action against the defendant, Chicago & Northwestern Railway Co., growing out of the facts and circumstances proven at the trial and found as facts by this court in its opinion, depends entirely upon a single question of law relating to the proper construction of the statutes of Illinois upon which the plaintiff's declaration is based, being Section 1½ of the Act of March 31, 1874, entitled, 'An Act in Relation to Fencing and Operating Rail-

roads.' '' After considering the motion and affidavit, the court struck out the remanding clause in said judgment.

The case was appealed to the Supreme Court of the State of Illinois. On the 12th day of February, 1937, the Supreme Court sustained the judgment of the Appellate Court as to the first, second, third, and fourth counts of the declaration, in that the same did not state a good cause of action. The court reversed the judgment of the Appellate Court as to the fifth count of the declaration. The court held that there was some evidence that tended to prove the allegation as charged in that count of the declaration. It reversed and remanded the case to this court with directions ''to consider all errors arising on the trial, insofar as they affect the fifth count, and affirm the judgment or reverse and remand the case.''

One of the errors assigned by the appellant in this court and the Supreme Court is, that the verdict of the jury is manifestly against the weight of the evidence. The appellant insists that this court should weigh the evidence and determine whether the verdict is manifestly against the weight of the evidence. The appellee seriously contends that this court has no authority to weigh the evidence, but such question is wholly for the jury to decide.

One of the cases that the appellee relies upon as sustaining its contention that this court has no authority to pass upon the facts and decide whether the verdict is manifestly against the weight of the evidence, is *Mirich v. Froschner Contracting Co.,* 312 Ill. 343. Whether the Appellate Court can weigh the evidence and declare that the verdict of the jury is manifestly against the weight of the evidence, was not involved in this suit, but what the court did hold was, that neither the trial court nor the Appellate Court can review the evidence if it is conflicting, and take the case from the

jury, and direct a verdict, as that would be usurping the power of the jury. The rule is, "If there is any evidence taken with all its reasonable intendments in favor of the plaintiff, then it is a question of fact for the jury to decide." In addition to *Mirich* v. *Froschner Contracting Co., supra,* the appellees have filed an additional brief in which they cite the cases of *Kinsey v. Zimmerman,* 329 Ill. 75; *Peoria Grape Sugar Co. v. Frazier,* 26 Ill. App. 60; *Potter v. Chicago, M. & St. P. Ry. Co.,* 208 Ill. App. 363; and *Adamsen v. Magnelia,* 286 Ill. App. 412. An examination of each of these cases discloses that the same question was involved as in the *Mirich v. Froschner* case, *supra,* namely, that neither the trial court nor the Appellate Court has any authority to review the evidence if it is conflicting and to direct a verdict.

It seems to us that there is no question but that this court not only has the right, but it is a duty cast upon the Appellate Courts, when error is assigned, that the verdict is contrary to the manifest weight of the evidence, to review the evidence and if in our opinion such verdict is manifestly against the weight of the evidence, to reverse and remand the case for a new trial.

In the case of *Legnard v. Rhoades,* 156 Ill. 431, on page 436 the following language appears: "The statute conferred the right on plaintiff in error to appeal or sue out a writ of error to review the judgment of the circuit court. The Appellate Court is authorized to review questions of law and fact, and when a case is presented it is the duty of that tribunal to consider the questions of fact as well as questions of law. Indeed, where the judgment of the circuit court is erroneous on the facts, the Appellate Court is the only tribunal where an error of that character can be corrected, and if not corrected there, the party is deprived of a right conferred by the statute. It is therefore not only the duty of the Appellate Court to review the evidence

when it is claimed that the judgment is erroneous on the facts, but it is a matter of the greatest importance to the parties to the cause that the facts should be considered and passed upon, and it is error to refuse to review the same.''

In the case of the *Illinois Cent. R. Co. v. Smith,* 208 Ill. 608, the court used this language: ''It is also assigned as error that the Appellate Court refused to consider all the evidence in the case or to weigh the evidence upon controverted questions of fact presented to that court for decision. It was assigned as error in the Appellate Court that the verdict is contrary to the manifest weight of the evidence. This court has held it is the duty of the Appellate Court, upon such assignment of error, to weigh the evidence and determine whether the verdict is against the weight of the evidence, as that court, upon such an assignment, is the only appellate tribunal in this State that can determine that question, since this court, in actions at law, is permitted under the statute to review only questions of law.''

In the case of *Hujawa v. Chicago & Alton R. Co.,* 175 Ill. App. 325, this court in passing upon the sufficiency of the evidence to sustain a verdict uses this language: ''It becomes the duty of this court to review the evidence, and if we find that upon any one of those three things essential to have been shown by the appellee, the finding of the jury is manifestly against the weight of the evidence, then it becomes our duty to reverse the judgment.''

A clear expression of the Supreme Court in one of the late cases, *White v. City of Belleville,* 364 Ill. 577, 580, states the general rule of reviewing the facts after a verdict of a jury, and is as follows: ''When all the necessary elements of a cause of action are charged in a declaration or complaint and there is evidence in support of the plaintiff's case which, if taken as true, with all reasonable intendments therefrom most favorable

to the plaintiff, tends to establish the negligence charged, the case should be submitted to a jury for its consideration. On the coming in of a verdict in such case in favor of the plaintiff the question as to the weight of the evidence is for the trial court upon a motion for a new trial. (*Libby, McNeil & Libby v. Cook,* 222 Ill. 206; *Pollard v. Broadway Central Hotel Corp.,* 353 id. 312.) Section 5 of article 2 of the constitution provides the right of jury trial. Where there is a question of fact it should be submitted to a jury unless the facts are such as to raise purely a question of law. There was evidence in the record on behalf of the plaintiff which, standing alone, under the rule already announced, would have entitled her to have the cause submitted to a jury. The action of the Appellate Court in reversing without remanding was contrary to the rule in such cases as announced by the court. (*Mirich v. Forschner Contracting Co.,* 312 Ill. 343.) It was within the province of the Appellate Court, however, to consider the weight of the evidence, together with any other errors that may be apparent from the record. If a verdict and the judgment of the trial court are manifestly against the weight of the evidence the Appellate Court may reverse and remand for a new trial.''

The following cases all support the rule, when the question is properly presented, that it is the duty of the Appellate Court to weigh the evidence and reverse and remand the case for a new trial, if the court is of the opinion that the verdict is manifestly against the weight of the evidence: *Mahaney v. Edwards,* 66 Ill. App. 101; *Sauter v. Anderson,* 112 Ill. App. 580, 586; *Chicago & Alton R. Co. v. Heinrich,* 157 Ill. 388; *Chicago & E. R. Co. v. Meech,* 163 Ill. 305; *Illinois Cent. R. Co. v. Hecker,* 129 Ill. App. 375; *Hubbell v. Heidrich,* 142 Ill. App. 404; *Love v. Love,* 145 Ill. App. 150; *Illinois Cent. R. Co. v. Haecker,* 110 Ill. App. 102; *Wieboldt v. Best Brewing Co.,* 163 Ill. App. 246; *City of Nokomis v. Farley,* 113 Ill. App. 161, 164; *Singer*

*Mfg. Co. v. Weil,* 115 Ill. App. 384, 387; *Chicago, R. I. & P. R. Co. v. Nelson,* 115 Ill. App. 432, 434; *Chicago & Alton Ry. Co. v. Jennings,* 120 Ill. App. 195, 196; *Titus v. Bates,* 122 Ill. App. 103; *Sterling, D. & E. E. Ry. Co. v. Wise,* 128 Ill. App. 632, 635; *Legnard v. Rhoades,* 156 Ill. 431, 436; *Devine v. Kelly-Atkinson Const. Co.* 156 Ill. App. 602; *Donelson v. East St. Louis & S. Ry. Co.,* 235 Ill. 628; *Gilbert v. Lloyd,* 170 Ill. App. 436; *Chicago City Ry. Co. v. Mead,* 206 Ill: 174, 175.

We have examined the abstracts and records in regard to the evidence relative to the fifth count of the declaration, and it is our conclusion that the verdict of the jury in favor of the plaintiff as to such count is manifestly against the weight of the evidence, and the case should be reversed and remanded to the trial court for a new trial.

The appellant argues strenuously that the instructions to the jury were erroneous, and for that reason the judgment should not stand, but should be reversed and remanded. It seems to us that it is of little or no consequence as to whether the instructions given at the first trial were proper or not. Then the case was tried on the theory that the first four counts of the declaration stated a good cause of action and the court instructed the jury on that theory of the case. With the first four counts out of the declaration and the fifth count standing alone, no doubt, at the next trial of the case the court would give different instructions from the ones given at the first trial. We are not assuming to pass upon the merits of the instructions as given.

A great deal has been said in the printed briefs and oral arguments in regard to the ruling of the court relative to damages sustained by the plaintiff and the amount that it realized in salvaging the burned goods. If the plaintiff is entitled to recover any damage because of this fire, it is entitled to receive only such an amount as will compensate it for the injuries and loss it has sustained. If the preserve works received any-

thing from the salvage of these goods, either directly or indirectly, then, when estimating its loss, this amount should be deducted from the value of the goods as ascertained before the fire. The court cannot lay down any particular rule that must be followed in establishing this amount, but it should be proven the same as any other fact. If any testimony tends to establish this fact it would be admissible in evidence.

The attorneys for appellant complain bitterly against the action and conduct of the attorneys for the appellee on the trial of the case, and cite many instances in which they claim that by the argument and remarks of the attorneys for the appellee their client was prejudiced. We have read the evidence as abstracted, twice, and it seems to us that there were many unnecessary objections and remarks on each side which did not assist the court in arriving at a decision as to the law, nor the jury as to judging facts in the case, but did make it difficult for the trial court to conduct the hearing of the case. If the case is again retried, these annoyances to the trial court should be eliminated.

Counsel for the respective parties differ materially in their contentions of what this court in our former opinion held to be the facts, relative to where the fire started. We did not then, nor do we now, mean to say where this fire actually started, or how the same was communicated to the property of the plaintiff, but what we did mean is, that from the evidence adduced on the trial of the case, these facts were shown. What the evidence may be, either for or against the proposition that the fire started on the right of way of the defendant, we have no knowledge, but on the trial of the case another time, this fact must be proven, the same as any other controverted question in the case.

The judgment of the circuit court of DeKalb county is hereby reversed and the cause remanded.

*Reversed and remanded.*